UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV 26-2374 PA (MBKx) | Date | July 17, 2026 |
| Title | David Flores Avalos v. J. Johnson, et al. | | |

| | |
|---|---|
| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |

| | | |
|---|---|---|
| Kamilla Sali-Suleyman | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:** IN CHAMBERS — COURT ORDER

Before the Court is a Motion for a Temporary Restraining Order ("TRO Motion") filed by petitioner David Flores-Avalos ("Petitioner"), who is represented by counsel. (Docket No. 25.) Petitioner filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") on May 5, 2026. (Docket No. 1.) The Petition names as respondents the Facility Administrator of the Adelanto Immigration and Customs Enforcement ("ICE") Processing Center, J. Johnson; Director of Los Angeles Field Office, Ernesto Santacruz; Acting Director of ICE, Todd Lyons; the Secretary of the Department of Homeland Security, Mark. W. Mullin; and the former Attorney General of the United States, Pam Bondi (collectively "Respondents"). The Petition seeks Petitioner's immediate release from ICE detention and an order preventing his re detention without a pre-deprivation bond hearing. (Id.)

According to the Petition, Petitioner is a citizen of Mexico. Petitioner entered the United States as a child in September 1995, without being admitted or inspected by an immigration officer. Petitioner attended elementary school, middle school and high school in Huntington Park, California, and obtained a "DACA" Visa in 2016. Petitioner lives with his wife and child, both American citizens, in Roseville, California. Petitioner was convicted of a crime eight years ago, and most recently was apprehended by ICE after his release after an arrest in January 2025. He has been in ICE custody since that time. Petitioner claims that he has a pending petition for Adjustment of Status, and for Cancellation of Removal and Adjustment of Status. Respondents' Return to the Petition states that Petitioner had a bond hearing in September 2025, and that the Immigration Judge denied bond on the basis of "Danger/Flight." (Docket No. 11.) Respondents also note that Petitioner has a criminal history that includes a felony burglary charge in January 2025, charges for amphetamine possession and shoplifting from August 2024, a conviction for obstruction of police from 2023, and three DUI convictions, from 2010, 2012 and 2015. (Id.)

On June 16, 2026, an immigration judge ordered Petitioner's removal to Mexico. (Docket No. 26-1.) Petitioner had until July 15, 2026 to appeal this decision, but he failed to do so. (Docket No. 26 ("Opp'n") at p. 1.) On July 16, 2025, Respondents filed a Notice of Intended Transfer stating that Petitioner was scheduled for transfer outside the judicial district within 48 hours "in accordance with his Final Order of Removal." (Docket No. 24.) Petitioner's

TRO Motion, filed in response to this Notice, asks this Court to retain jurisdiction over these habeas proceedings and preclude his transfer from the this judicial district until the Petition is decided. (Docket No. 25.)

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. See Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co., 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008). "A preliminary injunction is an extraordinary remedy never awarded as of right." Id. at 24. The Ninth Circuit employs a "sliding scale" approach to preliminary injunctions as part of this four-element test. All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011). Under this "sliding scale," a preliminary injunction may issue "when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor," as long as the other two Winter factors have also been met. Id. (quoting Lands Council v. McNair, 537 F.3d 981, 987 (9th Cir. 2008)). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed. 2d 162 (1997) (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, pp. 129-130 (2d ed. 1995)).

Unlike his Petition, which challenges Petitioner's continued detention, Petitioner's TRO Motion essentially seeks to involve this Court in a challenge to the enforcement of a removal order. The REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (2005) ("the Act"), precludes this Court from having subject matter jurisdiction to consider challenges to removal orders. See Momeni v. Chertoff, 521 F.3d 1094, 1095 (9th Cir. 2008); Iasu v. Smith, 511 F.3d 881, 887-88 (9th Cir. 2007); see also Puri v. Gonzales, 464 F.3d 1038, 1041 (9th Cir. 2006) (The Act, "which became effective on May 11, 2005, eliminated district court habeas jurisdiction, including jurisdiction over orders of removal and vested jurisdiction to review such orders exclusively in the courts of appeals."); Alvarez-Barajas v. Gonzales, 418 F.3d 1050, 1052 (9th Cir. 2005) (same). Instead, such challenges must be brought in the appropriate court of appeals, as provided for in Section 106(a) of the Act:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal

> entered or issued under any provision of this chapter, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5)(emphasis added); see also 8 U.S.C. § 1252(a)(2)(D) ("Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section."). Thus, for habeas petitions filed after the effective date of the REAL ID Act, "the district court plainly lack[s] jurisdiction" challenging the BIA's removal order." Iasu, 511 F.3d at 887-88; Momeni, 521 F.3d at 1095; see also Garcia de Rincon v. Dep't of Homeland Sec., 539 F.3d 1133, 1140 (9th Cir. 2008) ("[The Real ID Act] amended § 1252(b)(9) of the INA to vest the circuit courts with exclusive habeas jurisdiction over petitions challenging final orders of removal.").

Respondents argue that this Court also lacks jurisdiction to grant the requested relief under 8 U.S.C. § 1252(g). (Opp'n. at pp. 2-3.) The Court agrees. Section 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim" arising from the government's decision to "commence proceedings, adjudicate cases, or execute removal orders." 8 U.S.C. § 1252(g). The Ninth Circuit has made clear that this provision bars district court jurisdiction over claims seeking to enjoin the execution of a final removal order. See Reno v. Am.-Arab Anti-Discrimination Comm., 525 U.S. 471, 482 (1999) (explaining that § 1252(g) applies to the "three discrete actions" identified in the statute); Rauda v. Jennings, 55 F.4th 773, 777–78 (9th Cir. 2022) (holding that district courts lack jurisdiction to enjoin removal where the claim arises from the decision to execute a removal order).

This Court therefore lacks jurisdiction to interfere with enforcement of the removal order even if it possesses jurisdiction to consider the underlying Petition challenging the lawfulness of Petitioner's detention. Only the Ninth Circuit Court of Appeals has jurisdiction to interfere with enforcement of the removal order. Moreover, the relief Petitioner seeks in this Motion, to stay detained in this judicial district in order to contest the legality of his detention, is inconsistent with the relief he seeks in the underlying Petition–release from detention. Therefore, even if the Court had jurisdiction, the Court concludes that Petitioner has not established a likelihood of success on the merits or the irreparable harm sufficient to justify the injunctive relief he seeks. Finally, because Petitioner had a remedy at the Ninth Circuit to seek review or a stay, and chose

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | ED CV 26-2374 PA (MBKx) | Date | July 17, 2026 |
| Title | David Flores Avalos v. J. Johnson, et al. | | |

not to do so, the balance of hardships do not support this Court's issuance of an order preventing Petitioner's transfer from this judicial district.

For all of the foregoing reasons, the Court denies Petitioner's TRO Motion.

IT IS SO ORDERED.